## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                      )
**UNITED STATES OF AMERICA,**          )
                                      )
**v.**                                 ) **Docket No. 16-10268IT**
                                      )
**SCHULTZ CHAN &**                     )
**SONGJIANG WANG**                     )
_____)


### DEFENDANTS' JOINT MOTION FOR DISCOVERY
### OF FINRA REPORTS, REFERRALS AND RECORDS
### & INCORPORATED MEMORANDUM OF LAW


NOW COME the Defendants, through counsel, and respectfully move this Honorable Court to Order the Government to disclose all Financial Industry Regulatory Authority, ("FINRA"), reports, referrals and records Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963).  In support thereof, counsel states the following:


1.      The Defendants are charged in four counts with an insider trading conspiracy and substantive counts involving stock purchases that each of them made of shares in their former pharmaceutical company employers and each other's pharmaceutical company employers.

2.      The Indictment alleges that Chan and purchased stock in Akebia, his employer, and provided tips to Wang and others to purchase stock while in possession of non-public information relating to results from specific drug trials.

1

3.      The indictment also alleges that Chan purchased stock in Merrimack, Wang's employer, based upon tips received from Wang that were allegedly based upon non-public information also relating to results from certain drug trials.

4.      At some point following the completion of the above-referenced stock purchases, a FINRA questionnaire was submitted to Akebia to be completed regarding purchases of Akebia stock by individuals immediately prior to the publication of study results by Akebia on September 8, 2015.

5.      As a result of the answers received to the questionnaire, FINRA created an Excel spreadsheet listing responses received from Akebia regarding the individuals who purchased stock prior to the publication of the results.  (See Discovery Document No. AKBAJC0003896.  This document is an Excel spreadsheet that contains extensive identification information regarding multiple individuals which is subject to redaction. It will be produced to the Court under seal).

6.      Upon information and belief, a report/referral was created regarding the Akebia stock purchases which was forwarded to the SEC and ultimately to the United States Attorney's Office.

7.      The "FINRA referral" is referenced in the Akebia discovery index, but has not been produced.

8.      In fact, the index refers to over 1000 pages of documents as relating to the Akebia FINRA report, but this is not an accurate description as a vast majority of the documents are comprised of statemenst from investment companies which were not gathered by FINRA.

9.      The Government has confirmed the existence of the Akebia FINRA referral/report, but has further indicated that it does not intend to produce the referral or any other FINRA reports/documents.[1]

10.      It is likely that the Government is in possession of similar documentation regarding the Merrimack transactions and is also in possession of documents containing facts from which the FINRA referral/report was created.

## I.      ARGUMENT

### A.  RULE 16 MANDATES DISCLOSURE OF FINRA REPORTS, RECORDS AND REFERRALS.

Rule 16 requires that, upon the defendant's request, "the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these, if the item is within the government's possession, custody, or control" and the item is "material to preparing the defense." *United States v. Castro–Collado,* CITE A document is material under Rule 16 if it "could be used to counter the government's case or to bolster a defense; information not meeting either of those criteria is not to be deemed material within the meaning of the Rule merely because the government may be able to use it to rebut a defense position." *United States v. Stevens,* 985 F.2d 1175, 1180 (2d Cir.1993) (internal citations omitted). Put another way, a document is material if its "pretrial disclosure will enable a defendant to alter significantly the

---

[1] The Parties have spoken several times in an effort to resolve this issue and will speak again prior to the filing of the Government's opposition.  There are still outstanding questions as to who completed the questionnaire on behalf of Akebia and whether the spreadsheet captures all of the responses.  The Defendants expect that a more complete description of the FINRA report and any other documents will be available at this time.

quantum of proof in his favor." *United States v. Giffen,* 379 F.Supp.2d 337, 342

(S.D.N.Y.2004) (citations omitted). Conclusory allegations are insufficient, however,

to establish materiality, *id.,* and the burden is on the defendants to make a prima facie

showing that the documents sought are material to preparation of the defense. *United*

*States v. McGuinness,* 764 F.Supp. 888, 894 (S.D.N.Y.1991).

## B.  BRADY MANDATES THE DISCLOSURE OF THE FINRA RECORDS

*Brady v. Maryland* requires the government to produce to the defendant, in

advance of trial, material exculpatory evidence that is within its possession. *See* 373

U.S. at 87, 83 S.Ct. 1194; *United States v. Agurs,* 427 U.S. 97, 107, 96 S.Ct. 2392, 49

L.Ed.2d 342 (1976); *United States v. Huddleston,* 194 F.3d 214, 222 (1st Cir.1999).

Evidence "within its possession" includes exculpatory information in the possession of

any agency that participated in the investigation of the crime charged. *See Kyles v.*

*Whitley,* 514 U.S. 419, 438, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (explaining that

the *Brady* rule includes *225 evidence "known only to the police investigators and not

to the prosecutors"); *In re Sealed Case No. 99–3096* (Brady Obligations), 185 F.3d

887, 892 (D.C.Cir.1999); *Brison v. Tester,* 1995 WL 517603, *2 (E.D.Pa. Aug. 28,

1995). And the duty to produce, obviously includes the duty to find out about "any

favorable evidence known to others acting on the government's behalf in the case,

including the police." *Kyles,* 514 U.S. at 437,; *See also Ruiz v. United States,* 221

F.Supp.2d 66, 74 (D.Mass.2002).

Under *Brady,* prosecutors are affirmatively obligated to disclose any material exculpatory evidence they possess. That obligation also covers evidence known to police investigators working on the case, even if the prosecutor is not aware of that evidence. *Kyles v. Whitley,* 514 U.S. 419, 437–38, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

The prosecution has not only an obligation, but an absolute duty to disclose all exculpatory or favorable information prior to trial. *Brady v. Maryland*, 373 U.S. 83 (1963). Fundamental to our Constitutional system is the due process requirement that the government preserve evidence favorable to the defendants or discrediting to its own case, and, upon request, that it disclose to the defense all such information. *United States v. Agurs*, 427 U.S. 97 (1976); *Kyles v. Whitley*, 514 U.S. 419, 437–38 (obligation belongs to the individual prosecutor to learn of favorable evidence to the accused). This requirement encompasses information which bears upon the credibility of its witnesses as well as matters more directly material to guilt or innocence. *Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959); *United States v. Joseph*, 533 F.2d 282 (5th Cir. 1976); and *United States v. Dillard*, 419 F.Supp. 1000 (N.D.Ill. 1976). *See generally William v. Dutton*, 400 F.2d 797 (5th Cir. 1968), cert. denied, 393 U.S. 1105 (1969).

The Sixth Amendment specifically guarantees a defendant the right to be confronted with the "witnesses against him," *Pointer v. Texas*, 380 U.S. 400, 403 (1965); *Brookhart v. Janis*, 384 U.S. 1, 3 (1966), and to impeach their testimony with

prior inconsistent statements. *Kirby v. United States*, 174 U.S. 47, 55 (1899). That

right attaches when a witness offers testimony that is "damaging," *Brookhart v. Janis*,

384 U.S. at 4, or "prejudicial to the accused," *Parker v. Gladden*, 385 U.S. 363, 365

(1966), or has a material bearing on his case. In *United States v. Bagley*, 473 U.S. 667,

(1985), the Supreme Court made it absolutely plain that the suppression of

impeachment or other exculpatory evidence amounts to constitutional error that

requires reversal if such evidence is material in the sense that its suppression might

have affected the outcome of the trial. (Blackmun, J.) (The reviewing court should

assess "with an awareness of the difficulty of reconstructing in a post-trial proceeding

the course that the defense and the trial would have taken had the defense not been

misled by the prosecutor's incomplete response"). *Id.*

Moreover, in any federal prosecution, the Court's supervisory power to safeguard

"the correct administration of justice in the federal courts" reinforces the due process

requirement of disclosure. *See, e.g.*, *United States v. Consolidated Laundries Corp.*,

291 F.2d 563, 571 (2d Cir. 1961); *United States v. Miller*, 411 F.2d 825, 832 (2d Cir.

1961); *United States v. Leja*, 568 F.2d 493, 499 (6th Cir. 1977); *see generally*

*Communist Party of the United States v. S.A.C.B.*, 351 U.S. 115, 124 (1956).

The Government will say that the Defendants are entitled to the statements only

under the requirements of the Jencks Act. As noted below, when the Jencks Act and

*Brady* appear to collide, the Jencks should give way, particularly where, as here, the

evidence is truly exculpatory. *See United States v. Starusko*, 729 F.2d 256, 262-265

(3d Cir. 1984); *United States v. Snell*, 899 F. Supp. 17 (D. Mass. 1995). Otherwise, there simply would be no need for the disclosure requirements of *Brady* and its progeny, which recognized the absolute necessity of providing defendants with favorable material in time to allow those accused of criminal conduct to effectively prepare and present their case.

Careful examination should be made of any Government refusal to disclose prior inconsistent statements of its witnesses other than when required to do so under 18 U.S.C.A. §3500. The issue here is one of timing. The Government--based on the allegations of the indictment and 70,000 pages of discovery produced to date--has a significant advantage in terms of document review and trial preparation. Viewed in this context, early disclosure of impeachment evidence, which allows the Defendants some opportunity to prepare their defenses, is particularly warranted. *See United States v. Crozzoli*, 698 F.Supp. 430, 436 (E.D.N.Y. 1988); *United States v. Munoz*, 736 F.Supp. 502 (S.D.N.Y. 1990). The Defendants are entitled to disclosure in time for its "effective" use at trial, and disclosure during trial--in the context of this case and the time period covered by the indictment--would absolutely preclude the type of follow-up investigation which would allow for the effective use of this evidence. *See United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983).

Because this Court has an opportunity to order disclosure of exculpatory and impeachment evidence at a time when it will undoubtedly have a meaningful impact on the Defendants' ability to prepare their case, it is respectfully submitted that the

Court's determinations should not be influenced by those cases which involve a retrospective analysis of the impact of late disclosures by the Government. *See, e.g.*, *United States v. Devin*, 918 F.2d 280 (1st Cir. 1990). Clearly, largely subjective after-the-fact determinations of whether disclosure was delayed as a result of bad faith or inadvertence and whether unfair prejudice ultimately resulted, can and should be avoided by compelling timely production of the specific items identified here.

**C. Disclosure of Impeachment Material Pretrial Is In The Interests Of Justice, Fairness, and Efficiency.**

As noted above, disclosure by the Government must be made at such a time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criterion requires pretrial disclosure. *See, e.g.*, *United States v. Elmore*, 423 F.2d 775, 779 (4th Cir. 1970); *United States. v. Deutsch*, 373 F.Supp. 289, 290-291 (S.D.N.Y. 1974) (Lumbard, J.); *United States v. Pollack*, 534 F.2d 964, 973 (D.C.Cir. 1976). Disclosure pretrial is not barred by 18 U.S.C.A. §3500; *United States v. Thevis*, 84 F.R.D. 47 (N.D.Ga. 1979); *United States v. Germain*, 411 F.Supp. 719 (S.D.Ohio 1976); *United States v. Five Persons*, 472 F.Supp. 64 (D.N.J. 1979); and is requested in order to assure the defendant a fair trial. *United States v. Thevis*, *supra; United States v. Goldman*, 439 F.Supp. 337 (S.D.N.Y. 1977). Courts have, on a case-by-case basis, invoked their discretion to require production of Jencks statements in advance of the trial so that unnecessary delays will not take place during the course of the trial. *See, e.g.*, *United States v. Marquez*, 686 F.Supp. 1354, 1358 (N.D.Ill. 1988) (government ordered to

disclose all impeachment material three days prior to trial). *See also United States v. Aboleda*, 929 F.2d 858 (1st Cir. 1991); *United States v. Roark*, 924 F.2d 1426 (8th Cir. 1991); *United States v. Snell*, *supra*.

As also argued above, disclosure of information impeaching witnesses' credibility must be timed to enable effective preparation for trial. *United States v. Baxter*, 492 F.2d 150, 173-174 (9th Cir. 1973), cert. denied, 416 U.S. 940 (1974). In essence, the defense is entitled to disclosure of exculpatory evidence far enough in advance to allow adequate time to evaluate, prepare and present the evidence at trial. *United States v. Partin*, 320 F.Supp. 275 (E.D.La. 1970). *Cf. United States v. Olsen*, 697 F.2d 273 (8th Cir. 1983), where a prosecutor in possession of potentially exculpatory information failed to disclose the information until his case-in-chief was nearly complete. The defendant's attorney moved for a continuance so that he could investigate the new evidence and use it in his client's defense. The trial court denied the motion and the jury returned a guilty verdict. On review, the Eighth Circuit reasoned that if the prosecutor had not disclosed the exculpatory evidence until after the trial, the defendant would have been denied due process under *Brady* and *Agurs*. 697 F.2d at 275-276. Thus, the Eighth Circuit held that if disclosure is delayed until a point so late in the trial that the defendant is unable to make use of the evidence, he is likewise deprived of due process. *Id.*

As the Court of Appeals for the Second Circuit has stated, the prejudice caused by the suppression of Brady material is measured by its effect "upon defendant's

preparation for trial, rather than its effect upon the jury's verdict." *United States v. Polisi*, 416 F.2d 573, 577 (2d Cir. 1969).

Combining the force of *Brady* and Rule 16(a)(1)(C), the Defendants have powerful cause for pretrial disclosure. *United States v. Thevis*, *supra*. The Third Circuit has adopted a policy encouraging the timely production of material under both Brady and Rule 16. *See United States v. Boffa*, 513 F.Supp. 444, 500 (D.Del. 1980), and cases cited therein.

In the instant case, impeachment evidence is crucial to the Defendants'case. Under the circumstances, Defendants will be at a distinct disadvantage and significantly prejudiced if they are unable to assess and investigate impeachment evidence prior to trial. As a result, Defendants request this Court to "even the playing field" and ensure Defendants a fair trial by requiring disclosure of such evidence pretrial. *United States v. Snell*, *supra*.

**D.  Material Impeachment Evidence Must Be Disclosed.**

The Supreme Court has commanded that material impeachment evidence be disclosed. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375 (1985). *See also United States v. Coggs*, 752 F.Supp. 848 (N.D.Ill. 1990); *United States v. LaRouche Campaign*, 695 F.Supp. 1290 (D.Mass. 1990).

Significantly, the Defendants' pretrial motion does not call upon the Court to overturn a conviction or to weigh such questions as materiality and prejudice in

retrospective review of a trial record, the usual vantage of the appellate decisions. *See United States v. Five Persons*, 472 F.Supp. 64, 68 (D.N.J. 1979). Rather, the Court must prospectively decide under Brady whether "the subject matter of the specific requests are material, or indeed if a substantial basis for claiming materiality exists." United States v. Bagley, *supra;* United States v. Agurs, 427 U.S. at 106. The Court must also prospectively decide under Rule 16(a)(1)(C), Fed.R.Crim.P., whether the requests embrace matters which are "material to the preparation of (the) defense:

> aside from outright exculpatory items it is difficult to imagine information more material to the preparation of the defense than credibility items for critical or major government witnesses.

*United States v. Five Persons*, 472 F.Supp. at 67.

The Defendants seek the opportunity for meaningful preparation for cross-examination and for the presentation of defense evidence. They offer avoidance of both the trial delay arising from " *Brady* too little, too late," as well as the specter of collateral attacks arising from the same. *See United States v. Five Persons*, 427 F.Supp. at 68. Pretrial disclosure should be required in the interest of justice and fairness.

If the Government has available information which may lead to proof of prior inconsistent statements or other evidence helpful to the Defendants, such as the specific requests which have been made, fairness requires that it be turned over to the

defense. *See United States v. Barash*, 365 F.2d 395, 400-401 (2d Cir. 1966). As the

Ninth Circuit concluded:

> Considering the vast investigatory resources and power at the
> Government's disposal, an elemental sense of fair play demands
> disclosure of evidence that in *any* way may be exculpatory. If
> the government, upon request by the accused, has serious
> doubts about the usefulness of the evidence to the defense, the
> government should resolve all doubts in favor of full disclosure.

*United States v. Miller*, 529 F.2d 1125, 1128 (9th Cir. 1976).  (emphasis

in original).

   If the Government seeks to prove its case against the Defendants by introducing

the declarations of non-witnesses, as it no doubt will in the instant case, the

Defendants are permitted to impeach such declarants. Fed.R.Evid.806; 32 Wigmore,

Evidence, §884 (3d ed. 1940). Any description(s) of the suspect(s) which differ from

those of the defendant(s) or their alleged co-schemers is exculpatory. *United States v.*

*Bundy*, 472 F.2d 1266 (D.C.Cir. 1972). Disclosure of the names of persons the

Government does not plan to call as witnesses may be even more important to an

adequate defense than a witness list. Such persons may have knowledge of the case

which cannot otherwise be obtained by the defense. *See United States ex rel. Meers v.*

*Wilkins*, 326 F.2d 135 (2d Cir. 1964) (due process violation resulted from failure to

disclose existence of two eyewitnesses to a robbery whose testimony would have

tended to exculpate defendant).

   The Defendants' exculpatory material is not to be determined unilaterally by the

Government. Rather, the Defendants should have the opportunity to discover for

themselves and determine, by the exercise of their own judgment, what is

exculpatory. *See Dennis v. United States*, 384 U.S. 855, 874-875 (1966). If the

Government's decision not to call a witness is based on the prosecution's view that the

information the witness would provide is not relevant, then there should not be an

interest in non-disclosure. If, however, the reason the Government has decided against

calling a particular witness is because the information to be offered is not helpful to

the Government's case, then disclosure is mandated by *Brady*, and the names and

addresses of such witnesses should be disclosed in accordance with *United States v.*

*Houston*, 339 F.Supp. 762 (N.D.Ga. 1972). *See also United States v. Ladd*, 48 F.R.D.

266 (D.C.Alaska 1969) (granting discovery of exculpatory statements of witnesses not

to be called by the government).

## II.    CONCLUSION

Brady clearly requires disclosure of information which goes to the "very heart" of

the criminal trial--the guilt or innocence of the Defendants. *See, e.g.*, *United States v.*

*Noetzel*, 124 F.R.D. at 520 (ordering that any information which would tend to show

that an individual other than the defendant was his co-defendant's supplier be

disclosed within ten days, if known to the government; if the government does not

have any such information, it may simply confirm that it does not have any such

information within the same ten-day period). Defense counsel has made requests so

that the prosecution will have fair notice of exactly what the defense desires.

Disclosure does no harm to the truth-finding process, while failure to disclose might

well prejudice the defense. *United States v. Miller*, 529 F.2d 1125 (9th Cir. 1976). As the Supreme Court said in *Dennis v. United States*, 384 U.S. 855, 873 (1966): "In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant facts."   Based on the foregoing arguments and authorities, the Defendants urge this Honorable Court to grant their Motion for Disclosure of Exculpatory Evidence.

## L.R. 7.1(2) CERTIFICATE

Prior to the filing of the instant motion, on May 4, 2017, the undersigned counsel conferred with the Assistant United States Attorney and the Parties were not able to resolve the instant discovery dispute.

Respectfully submitted,

_____
Peter Charles Horstmann, Esquire
BBO #556377
PARTRIDGE, ANKNER & HORSTMANN
450 Lexington Street, Suite 101
Newton, Massachusetts 02461
(617) 723-1980

-s-

_____
Elliot M. Weinstein, Esquire
83 Atlantic Ave
Boston, MA 02110
(617) 367-9334

14

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 31st day of
May, 2017, a copy of the foregoing motion was served electronically, upon
Stephen Frank, Office of the United States Attorney, One Courthouse Way,
Boston, MA  02110.


_____
Peter Charles Horstmann, Esquire