UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>SCHULTZ CHAN,<br>    also known as "Jason Chan,"<br>    and<br>SONJIANG WANG,<br>    also known as "Sam Wang,"<br><br>    Defendants. | CRIMINAL No. 16-10268-IT |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS'
JOINT MOTION TO COMPEL DISCOVERY OF FINRA REPORTS**

The government respectfully submits this response in opposition to the motion of defendants Schultz Chan ("Chan") and Sonjiang Wang ("Wang") to compel the production of investigative referral letters of the Financial Industry Regulatory Authority ("FINRA"), and certain related materials. See Dkt. 88. The materials the defendants seek are neither exculpatory nor material to the defense, and are not discoverable under Fed. R. Crim. P. 16, the Jencks Act, or Brady v. Maryland, 373 U.S. 83 (1963). For those reasons, and the reasons set forth below, the government respectfully requests that the defendants' motion be denied.

Background

On March 28, 2017, a Grand Jury in the District of Massachusetts returned a Superseding Indictment charging the defendants with securities fraud, in violation of 15 U.S.C. §§ 78j(b) & 78ff, and conspiracy to commit the same, in violation of 18 U.S.C. § 371. The charges arise out of an alleged insider-trading scheme in which Chan and Wang, who were employed as biostatisticians at pharmaceutical companies in Cambridge, Massachusetts—Akebia

1

Pharmaceuticals and Merrimack Pharmaceuticals, respectively—exchanged material non-public information ("MNPI") concerning clinical trial results of drugs being developed by Akebia and Merrimack, and traded in the securities of those companies while in possession of the MNPI.

### A. Discovery Provided to the Defendants

The government has produced voluminous discovery to the defendants comprising more than 230,000 pages of materials. The discovery includes extensive bank and brokerage records, telephone records, emails, text messages, corporate policies and other records of their respective employers, agent reports of interviews of the defendants, and search warrant affidavits. Some of the materials consist of documents and information the government obtained from the Securities and Exchange Commission ("SEC"), which has conducted its own, parallel investigation of the defendants. Those records, in turn, include documents provided to the SEC by FINRA, a private corporation that acts as a self-regulatory organization for the U.S. securities industry.

### B. The FINRA Materials

In 2009, FINRA established the Office of Fraud Detection and Market Intelligence ("OFDMI") to investigate insider trading and other alleged frauds affecting the securities markets. See http://www.finra.org/industry/ofdmi. Among other things, OFDMI analyzes trading activity for evidence of insider trading, and refers such matters to the SEC and other regulators or law enforcement agencies for further investigation. See id. In 2016, FINRA referred more than 785 fraud and insider-trading cases to the SEC and other agencies. See https://www.finra.org/about/what-we-do. The FINRA records produced to the defendants include documents collected by FINRA during its investigations of suspicious trading in the shares of the defendants' employers (including a third biopharmaceutical company that was one of Chan's prior employers), and comprise, among other things, trading data, press releases, and

written responses by the defendants' employers to FINRA's requests for information.  In short, the government has already produced to the defendants, or has agreed to produce, all of the original evidence gathered by FINRA that is in the government's possession, custody or control and that relates to trading by the defendants or their alleged co-conspirators.  The government has not, however, produced FINRA's referral letters to the SEC themselves—which merely summarize FINRA's findings and its suspicions concerning trading by the defendants and others—or evidence concerning trading by other individuals FINRA investigated who were not targets of the government's investigation and have no connection to the charged conspiracy.[1]  It is those materials that appear to be the subject of the defendants' motion.  See Dkt. 88 at 1-2.

Argument

The FINRA materials the defendants seek—referral letters and evidence FINRA gathered concerning trading by unrelated third parties (collectively, the "disputed FINRA materials")—are not discoverable pursuant to Fed. R. Crim. P. 16, Brady, or the Jencks Act.  Accordingly, the government respectfully submits that the defendants' motion should be denied.

First, the disputed FINRA materials are not discoverable under either Brady or Rule 16 because they are neither exculpatory nor otherwise material to preparing the defense.  See Fed. R. Crim. P. 16(a) (requiring discovery, *inter alia*, of items "within the government's possession, custody, or control . . . [that are] material to preparing the defense"); United States v. Facteau,

---

[1] The defendants' contention that the government "indicated that it does not intend to produce the referral or any other FINRA reports/documents" (Dkt. 88, ¶ 9), is not accurate.  The government has, as noted, agreed to produce all evidence gathered by FINRA that is in the government's possession, custody or control and that relates to the defendants or their alleged co-conspirators.  The government, however, has objected to producing the referral letters themselves—which as set forth herein, merely summarize FINRA's findings—or evidence that is unrelated to the defendants or their alleged co-conspirators.

No. 15-CR-10076-ADB, 2015 WL 6509120, at *1 (D. Mass. Oct. 28, 2015) (Cabell, M.J.) ("Under Brady and its progeny, 'the Government must produce exculpatory evidence which is material to guilt or punishment.'") (citation omitted). "At the pretrial discovery stage, evidence is material under Brady if it 'may be favorable to the accused.'" Facteau, 2015 WL 6509120, at *1 (citation omitted). "[T]he burden is on the Defendants, who must demonstrate that the requested evidence has more than some abstract logical relationship to the issues in the case." Id. (citation and internal quotation marks omitted).

The disputed FINRA materials do not relate to the defendants at all, or reflect only summaries of evidence already provided to the defendants that supports FINRA's suspicions of their guilt. The materials are thus either irrelevant or *un*favorable to the defendants. Indeed, the defendants do not, because they cannot, provide anything more than a conclusory assertion to the contrary. That is not enough—as even the cases on which the defendants themselves rely make clear. See, e.g., United States v. Giffen, 379 F. Supp. 2d 337, 342 (S.D.N.Y. 2004) ("Conclusory allegations . . . are insufficient to establish materiality. It is defendant's burden to make a *prima facie* showing that the documents sought are material to preparing his defense.") (citing United States v. McGuinness, 764 F. Supp. 888, 894-95 (S.D.N.Y. 1991)). Moreover, to the extent the disputed FINRA materials are simply summaries of other evidence—and thus not the original and best evidence itself—they are not subject to discovery. Cf. United States v. Orozco, 108 F.R.D. 313, 316 (S.D. Cal. 1985) ("summaries of interceptions and do not provide any statements or exculpatory information not also required to be disclosed in its original form"); United States v. Wright, 121 F. Supp. 2d 1344, 1350 (D. Kan. 2000) (same).

Second, the disputed FINRA materials are also not discoverable under the Jencks Act. See 18 U.S.C.§ 3500(b) ("After a witness called by the United States has testified on direct

4

examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."). Here, of course, no trial date has been set, and the government has not determined who its witnesses will be. And, of course, even had the government done so, the Jencks Act provides, by its terms, that relevant witness statements are not discoverable at this stage of the proceedings. See id. § 3500(a) (noting that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination"); see also United States v. Owens, 933 F. Supp. 76, 80 (D. Mass. 1996) ("the overwhelming majority of cases—including cases from the First Circuit—adhere to a rule that is nearly absolute: district court judges may not, over the government's objection, compel pretrial disclosure of nonexculpatory Jencks Act material earlier than the close of a witness's testimony on direct examination").

In any event, while the government intends, consistent with its standard practice, to provide Jencks materials to the defendants prior to any trial, it is unlikely that the author of the FINRA referral letters will be a government witness. Accordingly, the government will at no time be obligated to produce those letters pursuant to the Jencks Act.

Conclusion

For the foregoing reasons, the government respectfully requests that the defendants' motion be denied.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By:     */s/ Stephen E. Frank*
        Stephen E. Frank
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Stephen E. Frank*
Stephen E. Frank

Date: June 21, 2017