UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SCHULTZ CHAN, et al.<br><br>　　Defendant. | No. 16-10268-DLC |

**ORDER ON DEFENDANTS' JOINT MOTION TO COMPEL**

CABELL, U.S.M.J.

　　The defendants, Schultz Chan ("Chan") and Songjiang Wang ("Wang") (collectively the "defendants") have moved to compel production of all Financial Industry Regulatory Authority ("FINRA") reports and referrals originally provided to the Securities and Exchange Commission ("SEC") in connection with its underlying investigation of the defendants. Based on the parties' briefings and representations during the motion hearing, the defendants' joint motion to compel is DENIED.

　　On March 28, 2017, a superseding indictment was returned charging the defendants with securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, and conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. (Dkt. No. 72). The charges arose out of an insider trading scheme in which the defendants allegedly exchanged material non-public information about pending clinical

trials of drugs developed by their respective employers, Akebia Pharmaceuticals and Merrimack Pharmaceuticals, to purchase stock and trade securities.

Immediately prior to the publication of the results of Akebia's clinical trials, FINRA, a private company that investigates incidents of insider trading and securities fraud, sent a questionnaire to Akebia. Based on Akebia's responses, FINRA compiled an "investigative referral letter," and attached documents and exhibits in support of the referral letter. In pertinent part, FINRA's investigative letter identified certain individuals, including the defendants, who purchased stock in Akebia prior to the publication of the clinical trial results. FINRA subsequently forwarded the investigative referral letter and its attachments to the SEC for further investigation.

The defendants have received all of the supporting documents referenced in FINRA's investigative referral letter, including "trading data, press releases, and written responses by the defendants' employers to FINRA's request for information." (Dkt. No. 94). The defendants have not received the investigative referral letter itself, however, and that is what they seek.

Under Rule 16(a) of the Federal Rules of Criminal Procedure, and upon the defendant's request:

> the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs,

> tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). The burden rests on the defendants to show that "the requested evidence has more than some abstract logical relationship to the issues in the case." *United States v. Poulin*, 592 F. Supp.2d 137, 143 (D. Me. 2008).

Having reviewed the parties' briefings, and having considered the defendants' sealed submission to the Court, I conclude that the FINRA investigative referral letter is not material to the preparation of the defendants' defense. The defendants' primary argument is that FINRA's opinions and conclusions as contained in its investigative referral letter impelled the SEC's subsequent investigation of the defendants "in the wrong direction" and is therefore fundamentally faulty, and may have spurred an indictment based on incorrect information.

Assuming for the moment that the defendants' theory is true, the FINRA investigative referral letter itself is nonetheless irrelevant because the SEC conducted its own independent investigation after receiving the FINRA letter, and the grand jury conducted its own investigation before returning an indictment. In that regard, it simply does not matter whether the initial information that impelled the subsequent investigations was

3

correct or incorrect; the only issue now is whether the government can prove the charges beyond a reasonable doubt. Accordingly, proof that FINRA's conclusions may have been incorrect would not now provide a legal basis to challenge the legitimacy of the indictment. To the extent the defendants argue otherwise, they have not provided any persuasive authority in support.

Moreover, the government has already produced all of the corresponding exhibits and attachments on which the FINRA investigative referral letter is based, and the letter itself therefore is not likely to contain any new information the defendants do not already have.

Accordingly, the defendants' joint motion to compel production of the FINRA investigative referral letter is DENIED.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: September 7, 2017